Lloyd Ambinder
Kara Miller
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082



**JUDGE KOELTL**

**13 CV 1009**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINVERVA LOPEZ, LORENA HERNANDEZ and NORA CACHO individually and on behalf of all other persons similarly situated who were employed by CLASSY NAILS 125TH INC., ENVY NAILS 169 INC., SONNY a/k/a SON DINH TRAN, individually, ANNA DO a/k/a ANH DIEP, individually, and all other entities affiliated with or controlled by SONNY a/k/a SON DINH TRAN and/or ANNA DO a/k/a ANH DIEP doing business as ENVY NAILS,<br><br>Plaintiffs,<br><br>- against –<br><br>CLASSY NAILS 125TH INC. d/b/a ENVY NAILS, ENVY NAILS 169 INC. d/b/a ENVY NAILS, SONNY a/k/a SON DINH TRAN, individually, ANNA DO a/k/a ANH DIEP, individually, and all other entities affiliated with or controlled by SONNY a/k/a SON DINH TRAN and/or ANNA DO a/k/a ANH DIEP doing business as ENVY NAILS,<br><br>Defendants. | Docket No.:<br><br>FEB 1-3 2013<br>U.S.D.C. S.D. N.Y.<br>CASHIERS<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law § 190 *et seq.*, New York Labor Law § 663, New York Labor Law § 650 *et seq*, 12 New York Codes, Rules,

and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.1, 142-2.2, and 142-2.4, to recover unpaid minimum wages, unpaid overtime compensation, unpaid spread of hours, and damages for failure to receive proper paystubs owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by CLASSY NAILS 125TH INC. d/b/a ENVY NAILS, ENVY NAILS 169 INC. d/b/a ENVY NAILS, SONNY a/k/a SON DINH TRAN, individually, ANNA DO a/k/a ANH DIEP, individually, and all other entities affiliated with or controlled by SONNY a/k/a SON DINH TRAN and/or ANNA DO a/k/a ANH DIEP doing business as ENVY NAILS (hereinafter "Envy Nails" or Defendants).

2. Defendants operate approximately 54 nail salons across the New York City metro area, all doing business as Envy Nails or a variation of the name Envy Nails.

3. Beginning in approximately February 2007 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay minimum wages, overtime compensation, and spread of hours to their employees.

4. Beginning in approximately February 2007 and, upon information and belief continuing through the present, Defendants have engaged in a policy and practice of failing to provide paystubs to their employees.

5. Under the direction of Defendants' owners, shareholders, corporate officers, and/or directors, Defendants instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

6. Plaintiffs have initiated this action seeking for themselves, and on behalf of all other similarly situated employees, all compensation, including minimum wages, overtime wages, spread of hours compensation, and damages for improper paystubs that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

7. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

8. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

9. Plaintiff Minerva Lopez is an individual who resides in New York, New York and who formerly worked for Defendants as a nail technician / manicurist from approximately 2006 to December 2012.

10. Plaintiff Lorena Hernandez is an individual who resides in New York, New York and who formerly worked for Defendants as a nail technician / manicurist from approximately 2006 to November 2012.

11. Plaintiff Nora Cacho is an individual who resides in Queens, New York and who formerly worked for Defendants as a nail technician / manicurist from approximately 2008 to October 2012.

12. Upon information and belief, Defendant Classy Nails 125, Inc. d/b/a Envy Nails is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 48 West 125th Street, 3rd Floor, New York, New York 10027 and is engaged in the nail salon business.

13. Upon information and belief, Defendant Envy Nails 169 Inc. d/b/a Envy Nails is a domestic corporation organized and existing under the laws of the State of New York, with its

principal place of business at 169-19 Jamaica Avenue, Jamaica, New York 11432 and is engaged in the nail salon business.

14. Upon information and belief, Defendant Sonny a/k/a Son Dinh Tran is a resident of 48 West 125th Street 3rd Floor, New York, New York 10027 and/or 169-19 Jamaica Avenue, Jamaica, New York 11432 and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of all locations of Envy Nails.

15. Upon information and belief, Defendant Anna Do a/k/a Anh Diep is a resident of 48 West 125th Street 3rd Floor, New York, New York 10027 and/or 169-19 Jamaica Avenue, Jamaica, New York 11432 and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of all locations of Envy Nails.

## CLASS ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Article 9 of the New York Civil Practice Law and Rules and Rule 23 of the Federal Rules of Civil Procedure.

17. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as nail technicians / manicurists from February 2007 to today.

18. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

19. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether the Defendants failed to pay minimum wages, overtime wages, spread of hours pay, and provide proper paystubs. The claims of the Named Plaintiffs are typical of the

claims of the putative class.

20. The Named Plaintiffs and putative class were all subject to Defendants' policies and willful practices of failing to pay minimum wages, overtime wages, spread of hours compensation, and failing to provide proper paystubs.

21. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

23. Beginning in or about February 2007, Defendants employed numerous individuals as nail technicians / manicurists at their approximately 54 nail salon locations across the New York metro area.

24. Upon information and belief, Defendants operate nail salons in New Jersey and Washington D.C. and order goods and supplies from suppliers outside of New York state and therefore, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, all locations of Envy Nails constitute enterprises engaged in commerce as that term is defined under the FLSA.

25. Upon information and belief, Defendants gross yearly revenues are in excess of $500,000.00.

26. While working for Defendants, Plaintiffs and the members of the putative class were regularly required to perform work for Defendants, without receiving minimum wages,

overtime compensation, spread of hours, or proper paystubs as required by applicable federal and state law.

27. While working for Defendants, Plaintiff Lopez worked at Defendants' nail salons located at 169 Jamaica Avenue in Queens, 305 East Kingsbridge Road in the Bronx, 125th Street in Manhattan, and West 48th Street in Manhattan.

28. While working for Defendants, Plaintiff Hernandez worked at Defendants' nail salons located at 169 Jamaica Avenue in Queens, 305 East Kingsbridge Road in the Bronx, 125th Street in Manhattan, and West 48th Street in Manhattan.

29. While working for Defendants, Plaintiff Cacho worked at Defendants' nail salons located at 125th Street in Manhattan and West 48th Street in Manhattan.

30. The Named Plaintiffs, and upon information and belief members of the putative class, regularly worked at more than one of Defendants' nail salon locations as directed by management.

31. Plaintiff Lopez typically worked 6 days each week for Defendants from approximately 10:00 a.m. to 8:00 p.m.

32. Plaintiff Hernandez typically worked 6 days each week for Defendants from approximately 10:00 a.m. to 8:00 p.m.

33. Plaintiff Cacho typically worked 6 days each week for Defendants from approximately 9:00 a.m. to 8:00 p.m.

34. The Named Plaintiffs and upon information and belief members of the putative class were not paid any hourly wages. Instead, for every customer that an employee serviced, Defendants would deduct $2.00 from the total, and then the remaining amount would be split evenly, with 50% going to the employee and 50% going to Defendants.

35. The Named Plaintiffs' weekly wages varied significantly based on the number of

customers. However, the Named Plaintiffs typically earned $200 to $300 each week, plus a small amount of tips, approximately an additional $10.00 a day.

36. The Named Plaintiffs and, upon information and belief members of the putative class, regularly worked more than 40 hours each week and more than 10 hours each day.

37. The Named Plaintiffs and, upon information and belief members of the putative class, were paid in cash and did not received paystubs keeping track of their hours worked and payments received.

38. Defendants did not provide notice to the Named Plaintiffs and upon information and belief members of the putative class that they intended to take advantage of the tip credit procedures and pay employees less than the minimum wage rate for non-tipped employees.

39. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable New York State law by failing to maintain proper and complete timesheets or payroll records.

40. The same unlawful policies and procedures were implemented at all of Defendants' nail salon locations because they are all under the ownership, control, and direction of individually named Defendants "Sonny" and "Anna", as they were known by employees.

41. Upon information and belief, Defendants Sonny and Anna are officers, directors, shareholders, and / or presidents or vice presidents of all Envy Nail salon locations, and (i) have the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

42. Upon information and belief, Defendants Sonny and Anna dominated the day-to-day operating decisions of all Envy Nail salon locations, made major personnel decisions, and had complete control of the alleged activities which give rise to the claims brought herein.

43. Upon information and belief, individually named Defendants Sonny and Anna are employers within the meaning of the Fair Labor Standards Act and New York Labor Law.

44. Upon information and belief, individually named Defendants Sonny and Anna are amongst the 10 largest shareholders of Classy Nails 125th Inc., Envy Nails 169th Inc., and all other corporations doing business as Envy Nails and as such are personally liable for unpaid wages pursuant to Section 630 of the New York Business Corporation Law. (Attached hereto as Exhibit A is a notice advising the individual defendants of their liabilities pursuant to BCL §630).

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE COMPENSATION

45. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 44 hereof.

46. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

47. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

48. Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

49. Defendants constitute employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

50. Defendants failed to pay Plaintiffs and other members of the putative class all earned minimum wages for the time they worked for Defendants in any given week.

51. The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages was willful.

52. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

53. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 52 hereof.

54. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

55. Defendants failed to pay the Named Plaintiffs and, upon information and belief, other members of the putative class overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

56. The failure of Defendants to pay Plaintiffs and other members of the putative

class their rightfully owed wages and overtime compensation was willful.

57. By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY MINIMUM WAGES

58. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 57 hereof.

59. Pursuant to 12 NYCRR 142-2.1, "(a) The basic minimum hourly wage rate shall be: (1) $5.15 per hour on and after March 31, 2000; (2) $6.00 per hour on and after January 1, 2005; (3) $6.75 per hour on and after January 1, 2006; (4) $7.15 per hour on and after January 1, 2007; and (5) $7.25 per hour on and after July 24, 2009, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or its successors."

60. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

61. As persons employed for hire by Defendants, Plaintiffs and other members of the putative class are "employees," as understood in Labor Law § 651 and case law interpreting same.

62. Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

63. Defendants constitute "employers" as understood by Labor Law § 651 and case law interpreting same.

64. New York Labor Law § 663, provides that "[i]f any employee is paid by his

employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

65. In failing to pay Plaintiffs and other members of the putative class minimum wages for all hours worked, Defendants violated Labor Law §§ 650, *et seq.* and 663, and 12 NYCRR 142-2.1.

66. Upon information and belief, Defendants' failure to pay Plaintiffs and other members of the putative class minimum wages was willful.

67. By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq.* and 663 and 12 NYCRR 142-2.1 and are liable to Plaintiffs and other members of the putative class who performed work for Defendants within the State of New York in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK STATE OVERTIME COMPENSATION

68. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 67 hereof.

69. Title 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate...."

70. Plaintiffs and, upon information and belief, other members of the putative class regularly worked more than forty hours a week while working for Defendants.

71. The Named Plaintiffs and, upon information and belief, other members of the putative class did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week in violation of 12 NYCRR §142-2.2.

72. Defendants' failure to pay Named Plaintiff and members of the putative class

overtime compensation was willful.

73. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK SPREAD OF HOURS LAW

74. The Named Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 73 hereof.

75. Title 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours [in a day]."

76. Named Plaintiffs and upon information and belief other members of the putative class often work more than ten hours in a day without receiving an additional hour's pay at their regular wage rate.

77. Upon information and belief, Defendants' failure to pay spread of hours compensation was willful.

78. By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION: NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

79. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 78 hereof.

80.     Pursuant to New York Labor Law §§ 198-1(d) and 195, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. According to that statute, Plaintiffs paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances ; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

81.     According to New York Labor Law § 198-1(d), Plaintiffs are entitled to $100 for every paycheck they received that did not have a stub.

82.     Upon information and belief, Plaintiffs and members of the putative class did not receive paystubs that accurately reflected their hours worked or the amount of deductions that were being taken from their wages.

83.     By the foregoing reasons, Defendants have violated New York Labor Law § 198-1(d) and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants demand judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on the third cause of action against Defendants, in an amount to be determined at trial,

plus liquidated damages, interest, attorneys' fees and costs;

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(5) on the fifth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs; and

(6) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
       February 12, 2013

By: _____
Lloyd Ambinder, Esq.
Kara Miller, Esq.
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
kmiller@vandallp.com
Tel:  (212) 943-9080
Fax:  (212) 943-9082

*Attorneys for Plaintiffs and Putative Class*

## NOTICE TO SHAREHOLDERS PURSUANT TO SECTION 630 OF THE NEW YORK BUSINESS CORPORATION LAW

TO: SONNY a/k/a SON DINH TRAN
ANNA DO a/k/a ANH DIEP
48 West 125th Street 3rd Floor, New York, New York 10027 and/or
169-19 Jamaica Avenue, Jamaica, New York 11432

PLEASE TAKE NOTICE, that the above-named individuals SONNY a/k/a SON DINH TRAN and ANNA DO a/k/a ANH DIEP, if they are shareholders of CLASSY NAILS 125TH INC. d/b/a ENVY NAILS and/or ENVY NAILS 169 INC. d/b/a ENVY NAILS, and/or any other corporate entities affiliated with or doing business as ENVY NAILS are hereby advised pursuant to Section 630 of the New York Business Corporation Law that the below individual, acting individually and on behalf of similarly situated individuals and having been or being presently employed by the above corporate entity, intends to hold said shareholders personally liable for unpaid wages.

Dated: New York, New York
February 12, 2013

_Kara Miller_
Lloyd R. Ambinder, Esq.
Kara S. Miller, Esq.
VIRGINIA & AMBINDER LLP
Attorneys for MINVERVA LOPEZ,
LORENA HERNANDEZ and NORA
CACHO INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS
SIMILARLY SITUATED
111 Broadway, Suite 1403
New York, New York 10006
Tel. (212) 943-9080
Fax: (212) 943-9082

MINVERVA LOPEZ, LORENA HERNANDEZ and NORA CACHO FOR THEMSELVES AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES OF CLASSY NAILS 125TH INC., ENVY NAILS 169 INC., SONNY a/k/a SON DINH TRAN, individually, ANNA DO a/k/a ANH DIEP, individually, and all other entities affiliated with or controlled by SONNY a/k/a SON DINH TRAN and/or ANNA DO a/k/a ANH DIEP doing business as ENVY NAILS, ARE REPRESENTED BY VIRGINIA & AMBINDER LLP.