

Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
Telephone: (212) 943-9080

**Kara S. Miller**
associate
kmiller@vandallp.com

October 17, 2013

<u>**VIA ECF**</u>
Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re:  Lopez et al v. Classy Nails 125th Inc. et al - 1:13-cv-01009-JGK

Dear Judge Koeltl:

  We represent the Plaintiffs and putative class in the above-referenced wage and hour action.  On July 29, 2013 Your Honor granted Plaintiffs' motion for conditional certification and notice pursuant to 29 U.S.C. § 216(b).  The Publication Order was executed by Your Honor on August 7, 2013.  [Docket No. 27.]  This letter is to advise the Court that Defendants are in direct violation of the Publication Order.

  The Publication Order required Defendants to post a copy of the Notice of Lawsuit in English and Spanish at each of Defendants' currently operating nail salons in a location regularly accessible and visible to employees for the duration of the opt-in period.  [See Docket No. 27, ¶ 4.]  Pursuant to the Publication Order, the Notices were mailed on September 6, 2013.  The Notices should also have been posted at the nail salons on this date.

  Plaintiffs have recently confirmed from four different employees, who currently work for Defendants at four different nail salon locations, that the Notices have never been posted.  Given that the Notices are not posted at these four locations, it is highly likely that Defendants have failed to post the Notices at their other nail salon locations.  This is in direct violation of the Publication Order.

  The posting of the Notices was especially important as Defendants' mailing list was woefully inadequate.  It contained addresses for only 20 employees, despite operating dozens of different nail salons in the NY metro area since 2010.



In light of Defendants direct violation of this Court's order, Plaintiffs respectfully request the following relief and sanctions:

1. Defendants must immediately post the English and Spanish Notice of Lawsuit form at each currently operating nail salon in a location regularly accessible and visible to employees for the duration of the opt-in period;

2. Defendants must provide an affidavit identifying each location where the Notices are posted and specifying exactly where the Notices are posted inside each nail salon;

3. Defendants must pay the costs to publish the Spanish Notice of Lawsuit form in three successive publications in a local Spanish language newspaper, to be selected by Plaintiffs;

4. The date to opt-in to the lawsuit will be extended until 30 days after the third and final publication of the Spanish notice in the Spanish language newspaper; and

5. Opt-in Plaintiffs' FLSA claims will be tolled from September 6, 2013 until 30 days after the third and final publication of the Spanish notice in the Spanish language newspaper, or the date an Opt-in Plaintiff files a consent to join form, whichever date is earlier.

At this Court's request, Plaintiffs would be willing to provide the names of the four current employee informants and the locations at which they verified that the notice was not posted for in camera review. These current employees fear retribution and termination and thus do not want their identities or work locations revealed to Defendants.

Respectfully submitted,

_____/s/_____
Kara S. Miller