LAW OFFICES OF

# VINCENT S. WONG

*Attorneys at Law*

**Please Respond To:**
☐ 39 East Broadway, Suite 306
New York, NY 10002

☑ 6008 8th Avenue
Brooklyn, NY 11220

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: __6/21/18__

Phone: 212 888.0884
Phone: 718.234.8200
Fax: 718.833.1968
♦♦♦
Email: vswlaw@gmail.com
Website: vswlaw.com

June 14, 2018

*[handwritten annotation: Application granted.
(1) ECF Document 213 should
be sealed.
(2) The attached Transcript should]*

**Sent Via ECF**
HON. JOHN G. KOELTL
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, ROOM 12B
NEW YORK, NY 10007

Re: **LOPEZ ET AL V. CLASSY NAILS 125TH INC. ET AL**
**1:13-CV-01009-JGK**
**REQUEST TO SEAL UNREDACTED TRANSCRIPT OF SETTLEMENT**

*[handwritten annotation: suffice as the redacted publicly
available Transcript. So ordered.]*

Dear Judge Koeltl:

*[handwritten signature: /s/ John G. Koeltl
U.S.D.J.
6/20/18]*

We represent the Defendants in the above-referenced action. Defendants write to the Court to request that the settlement transcript in this case, ECF Document 213, be sealed, as originally ordered by the court, and that if a public transcript of settlement is needed that the attached **Exhibit 1** be used in its place.

On October 21, 2016, the parties appeared before your honor for Defendant's counsel Order to Show Cause to withdraw as counsel. At that appearance, the parties were able to come to a settlement and the motion to withdraw as counsel was withdrawn.

The settlement terms and fairness hearing were entered on the record with the court that day. As part of the settlement the parties agreed that the amount of the settlement would not be disclosed.

Additionally, in approving the settlement, the court found that the parties had presented a compelling reason for the settlement amount to not be disclosed and ordered that

"The existence of the litigation, the existence of
the settlement can all be matters of public record without the
specific amounts in the settlement agreement being matters of
public record. So you can redact the settlement amounts in the
settlement agreement that's filed, and **the unredacted
settlement agreement can be filed under seal**."
(emphasis added) (ECF Document 213 page 20 ¶ 11-19)

After this appearance, no further documents were filed with the court by either party. It has recently come to Defendants' attention that despite the order of the court that the unredacted settlement would be filed under seal and only a redacted agreement would be available to the public, that the transcript of the hearing, which is essentially the settlement agreement, including the settlement amounts, is available to the public, under ECF Document 213.

To that end Defendants request that ECF Document 213 be sealed, pursuant to the courts existing order, and that if a public transcript is required that the attached **Exhibit 1**, copy of the transcript with redacted settlement amounts, be used in its place.

We thank Your Honor for your time and consideration in this matter.

Respectfully submitted,

LAW OFFICES OF VINCENT S. WONG

*/s/ Michael Brand*
Michael Brand, Esq. (MB3303)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
P: 212-349-6099
mb.vswlaw@gmail.com

Cc: Virginia & Ambinder, LLP, Attorney for Plaintiffs, via ECF

GALHLOPC

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    MINERVA LOPEZ, et al.,

4                    Plaintiffs,

5           v.                          13 CV 1009 (JGK)

6
     CLASSY NAILS 125TH INC., et
7    al.,
                                        Conference
8
                    Defendants.
9
     ------------------------------x
10                                      New York, N.Y.
                                        October 21, 2016
11                                      5:20 p.m.

12   Before:

13                     HON. JOHN G. KOELTL,

14                                      District Judge

15                          APPEARANCES

16   VIRGINIA & AMBINDER, LLP
          Attorneys for Plaintiffs
17   BY:  KARA SUE MILLER
          LEONOR COYLE
18
     LAW OFFICES OF VINCENT S. WONG
19        Attorneys for Defendants
     BY:  VINCENT S. WONG
20        MICHAEL A. BRAND

21

22

23

24

25
```

```
 1              (Case called)

 2              THE LAW CLERK:  Lopez v. Classy Nails, all parties

 3   state who they are for the record.

 4              MS. MILLER:  Good afternoon.  Kara Miller for Virginia

 5   & Ambinder for plaintiffs.

 6              MS. COYLE:  Leonor Coyle, Virginia & Ambinder, on

 7   behalf of plaintiffs.

 8              MR. WONG:  Good afternoon, your Honor.  Vincent Wong

 9   and Michael Brand for the appearing defendants.

10              THE COURT:  Okay.  The reason for this conference was

11   because I had gotten an order to show cause by defense counsel

12   to withdraw as counsel for the defendants.  That was one of the

13   precipitating reasons for this conference.  I'd also intended

14   to call a conference just to check on the status of all of your

15   trial preparations.  I had a final pretrial conference in the

16   case, and the case is scheduled to go to trial on October 31, I

17   think.

18              MS. COYLE:  Correct.

19              MS. MILLER:  Correct.

20              MR. WONG:  Yes, your Honor.

21              THE COURT:  October 31.  So what do the parties want

22   to tell me?  You told me you wanted me to take another case

23   before taking your case because there was the possibility that

24   the case might be settled.  Yes?  No?

25              MS. MILLER:  Yes, your Honor.  The parties have been
```

1   able to come to an agreement.  The terms of which, if permitted

2   by your Honor, we would like to read and have the parties --

3   the individual defendants are present -- have the individual

4   defendants agree to on the record today.

5          THE COURT:  Fine.  So the motion by defense counsel to

6   withdraw is withdrawn?

7          MR. WONG:  Yes, that's correct, your Honor.

8          THE COURT:  All right.  The motion by defense counsel

9   to withdraw is withdrawn, and the record will reflect that.

10         So, second, the parties have a settlement that they

11  would like to read into the record and have the defendants

12  agree to that on the record.  That's fine.

13         Ms. Miller.

14         MS. MILLER:  The parties have agreed to resolve the

15  action for the total sum of ⬛⬛⬛  The defendants agree to

16  execute a confession of judgment on their individual behalf,

17  jointly and severally, for the amount of ⬛⬛⬛ less any

18  amounts already paid.

19         The ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

20  ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

21  ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

22  ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

23         THE COURT:  June what?

24         MS. MILLER:  I'm sorry.  June 1.

25         THE COURT:  Okay.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
 1              MS. MILLER:  A payment of ▯▯▯▯▯ will be made on or
 2   before December 1, 2018.  And that June --
 3              THE COURT:  I'm sorry, December 1, 20-?
 4              MS. MILLER:  '18.  Then thereafter, ▯▯▯▯▯ will be
 5   made on the June date and the December date until the remainder
 6   is paid off, so ▯▯▯▯▯ a year going forward.  So it would be
 7   ▯▯▯▯▯ June 1 of 2019; ▯▯▯▯▯ December 1, 2019; ▯▯▯▯▯ by
 8   June 1, 2020; ▯▯▯▯▯ by December 1, 2020; ▯▯▯▯▯ by June 1,
 9   2021; ▯▯▯▯▯ by December 1, 2021; and then the final year
10   would be ▯▯▯▯▯ by June 1, 2022; ▯▯▯▯▯ December 1, 2022.
11   And if I add that up correctly, that should total ▯▯▯▯▯.  So
12   the first year it would be ▯▯▯▯▯ and then for five years
13   thereafter, it would be ▯▯▯▯▯ each year.
14              THE COURT:  I think you had said ▯▯▯▯▯ June 1, 2017;
15   ▯▯▯▯▯ December 1, 2018.
16              MS. MILLER:  So the first year, just that 2017 year,
17   it's ▯▯▯▯▯ by January 1, 2017, and ▯▯▯▯▯, so seven five.
18              THE COURT:  Right.  So then it's ▯▯▯▯▯ June 1, 2018.
19              MS. MILLER:  Correct.  I'm sorry if I misspoke.
20              THE COURT:  Then ▯▯▯▯▯ December 1, 2018, and the
21   other payments as you've said.  All right.
22              MS. MILLER:  Correct.  Then there's just a few more
23   terms that the parties have agreed to, which is that both
24   parties agree not to disparage each other after the settlement.
25   There will be a release.  In exchange for the payments there
```

1   will be a release of all claims by the plaintiffs against the
2   defendants.  There would be a release of any claims by
3   defendants against the plaintiffs through -- and both of those
4   would be through today's date.  There would be no admission of
5   fault by defendants in agreeing to these terms and in settling
6   this lawsuit.  And in the event of any failure to pay, since
7   this is a very long payment plan, we would be giving the
8   defendant's a cure period of 30 days before enforcement.  Those
9   are all the terms that I believe encompass the agreement.

10          THE COURT:  Does the total payment of ⬚⬚⬚⬚⬚ include
11  attorney's fees?

12          MS. MILLER:  It does, your Honor.

13          THE COURT:  Total payment ⬚⬚⬚⬚⬚ inclusive of all
14  monetary liability by the defendants including attorney's fees,
15  costs, interest.  Defendants to pay ⬚⬚⬚⬚⬚

16          MS. MILLER:  Correct.

17          THE COURT:  The defendants are two individuals,
18  correct, Sonny, also known as Son Dinh Tran; and Anna Do, also
19  known as Anh Diep, plus corporate defendants Classy Nails 125th
20  Inc., Envy Nails 169 Inc., and is it also 111 Lexington Inc.?

21          MS. MILLER:  Yes, your Honor.  I should say that the
22  defendants have notified us that the corporate entities are no
23  longer operating, and they've all closed.  So that's why the
24  settlement agreement is limited to the individual defendants.

25          THE COURT:  To individual defendants.  All right.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
 1              The dismissal of the case, however, would be the
 2    dismissal of the case against all defendants?
 3              MS. MILLER:  That's correct.
 4              THE COURT:  All right.  Does defense counsel agree
 5    that that's the settlement?
 6              MR. WONG:  Yes, your Honor.  We agree that is the
 7    settlement.  There are, I believe, two to three corporate
 8    defendants in this case that defaulted, so we would like also
 9    the disposition of this case to include all those other
10    defendants, including those defaulted corporate defendants.
11              THE COURT:  Plaintiff?
12              MS. MILLER:  Yes, we have no objection to that.
13              THE COURT:  Okay.  The case would be dismissed against
14    the defaulting defendants also.  It would be dismissed as to
15    all defendants.
16              MR. WONG:  Yes, your Honor.
17              THE COURT:  Anything else, Mr. Wong?
18              MR. WONG:  I think individual clients just concerned
19    that -- non-disparagement.  And I don't know what the Court
20    would suggest in terms of nondisclosure of the payment terms.
21    We don't expect confidentiality, but we would like the Court to
22    provide a relief in terms of non-disparagement and
23    nondisclosure in particular, especially since there's no fault
24    being admitted of the negotiated terms of the agreement,
25    monetary terms.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1        THE COURT:  Well, there is a non-disparagement
2   agreement.  As to confidentiality, the defendant wants to keep
3   the specific amounts confidential, and with respect to that,
4   you'd have to make a showing that there's a compelling reason
5   that the monetary amounts should be confidential.  I don't know
6   what the compelling reason is to keep the monetary amounts
7   confidential.  This is a case in which you tell me that all of
8   the corporate defendants are no longer operating.

9        MR. WONG:  Your Honor, these type of cases have
10  received a fair amount of press coverage.  We believe, in our
11  particular case, our two individual defendants, the names are
12  in the newspaper.  That is the concern because, obviously, my
13  clients are young individuals.  They're going to proceed with
14  their life in terms of business.  They just don't want their
15  names in the press.  To the extent that it is possible, we're
16  seeking that, but we have no compelling and cannot offer that
17  to the Court.

18       THE COURT:  Okay.  I don't see a compelling reason.
19  And the names of the defendants would not, in any event, be
20  subject to a confidentiality agreement.  There's a settlement
21  of the case in which the individuals have been personally
22  named.  So it's out there, and then there's a settlement of the
23  case.  And in order to place any part of the settlement under
24  seal or subject to a confidentiality order, there would have to
25  be a compelling showing, and counsel agrees that there is no

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

 1  compelling showing.  So confidentiality is not part of the

 2  settlement agreement, and I don't see a basis for adding it.

 3          Anything else?

 4          MR. WONG:  No, your Honor.

 5          THE COURT:  For the plaintiff?

 6          MS. MILLER:  No, your Honor.

 7          THE COURT:  The way in which the parties receive

 8  assurance that the parties are aware of the settlement is the

 9  defendants take the stand, they're sworn, they're asked whether

10  they've heard the terms of the settlement, whether they agree

11  to the terms of the settlement, whether they understand that

12  this is a enforceable contract so that they've arrived at an

13  agreement to settle the case, and this is an independent

14  agreement which can be sued on as a contract.

15          So if the defendants have agreed to it, and counsel

16  wants to formalize it.  The defendant should come forward and

17  take the stand.  Here you go.

18          (Defendant Son Dinh Tran sworn)

19          THE LAW CLERK:  Please state your full name and spell

20  your last name flame, for the record.

21          DEFENDANT TRAN:  My name is Son Dinh Tran, S-o-n,

22  D-i-n-h, last name T-r-a-n.

23          THE LAW CLERK:  Thank you.

24          THE COURT:  Mr. Wong.

25          MR. WONG:  Mr. Tran, have you heard what went on in

                  SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

this case --

DEFENDANT TRAN:   Yes.

MR. WONG:   -- the last minutes?

DEFENDANT TRAN:   I do.

MR. WONG:   Have you agreed to the following terms to

settle this case:   Number one, you agree to pay a total of

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18       MR. WONG:  Do you understand that this liability is a

19   joint and several liability, which means that if you cannot

20   pay, Anna Do will be responsible; and if Anna Do doesn't pay,

21   you will be solely responsible?

22              DEFENDANT TRAN:  Yes, I do.

23       MR. WONG:  Is this your own decision that you made

24   with the advice of your current counsel, myself?

25              DEFENDANT TRAN:  Yes, I do.

1      MR. WONG: Did anyone pressure you to make that

2   decision?

3           DEFENDANT TRAN: No.

4           MR. WONG: Yes or no?

5           DEFENDANT TRAN: No. I'm okay with the decision,

6   yeah. No pressure.

7           MR. WONG: Okay.

8           THE COURT: I can't hear you. I'm sorry.

9           DEFENDANT TRAN: No pressure. No pressure.

10      MR. WONG: Have you took any medication or alcohol

11   that would impact your ability to make a decision like this

12   today?

13           DEFENDANT TRAN: No.

14      MR. WONG: Did you hear the other terms of this

15   agreement, including the non-disparagement?

16           DEFENDANT TRAN: Yes, I do.

17      MR. WONG: And the no admission of fault?

18           DEFENDANT TRAN: Yes, I did.

19      MR. WONG: And the failure to pay for a cure period of

20   30 days?

21           DEFENDANT TRAN: Yes, I do.

22      MR. WONG: And also the execution of a confession of

23   judgment. In the event that you don't pay the amount that you

24   have agreed to pay, the remaining balance is a contractual

25   right that the plaintiffs could bring an action to collect

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 1:13-cv-00003-JGK Document 134-1 Filed 06/04/18 Page 14 of 29

1    upon?

2          DEFENDANT TRAN:  Yes.  Yes, I do.

3          MR. WONG:  Do you have any questions regarding this

4    agreement?

5          THE COURT:  And also mutual releases between you and

6    Ms. Do on one side and the plaintiffs on the other side so that

7    each of you would release all of the claims against each other,

8    and the case would be dismissed by the plaintiffs against you,

9    Ms. Do, and all of the companies that have been sued in this

10    case?

11          DEFENDANT TRAN:  Yes, I do.

12          MR. WONG:  Okay.  Do you have any questions regarding

13    this agreement?

14          DEFENDANT TRAN:  Yes.  Because out there we do agree

15    that we will have nondisclosure about the case, but it look

16    like you not agree to it because Mr. Wong and also Kara and me,

17    that's what very important to me that I want to have the

18    nondisclosure on the amount because I'm young and also that I

19    want to make sure that even if we no longer in that business, I

20    don't want future or anything that happen to me regarding to

21    that sue me again, or anything like, that regarding to this

22    issues.  And Kevin will agree to it and also same with my

23    counsel did agree to the nondisclosure on that.  And I see that

24    it didn't mention on -- on the agreement that we had.

25          THE COURT:  There is, as I understand it, no agreement

1   for nondisclosure. Now, the parties can talk about that. It

2   is not uncommon to have an agreement between the parties,

3   between the plaintiffs and the defendants, that they will not

4   disclose the agreement. If, in fact, that's a part of their

5   agreement, that is separate from the fact that when the

6   agreement gets filed in court, the terms of the agreement are a

7   matter of public record. The parties may agree that they're

8   not going to talk about them. In order to seal a public

9   record, there has to be a compelling reason to do that, and so

10   far the counsel have not been able to articulate a compelling

11   reason that any individual terms of this settlement should be

12   sealed as a matter of public record.

13           MR. WONG: Your Honor.

14           THE COURT: Yes.

15           MR. WONG: I've just checked with Ms. Miller, and I

16   believe the parties agreed to enter into a separate

17   nondisclosure agreement, separate from the settlement

18   agreement.

19           THE COURT: So the plaintiffs and the defendants agree

20   that they're not going to disclose the terms of the settlement,

21   but it'll be out there in terms of a public record.

22           DEFENDANT TRAN: I see.

23           THE COURT: But neither your lawyers or the plaintiff

24   or their lawyers are going to go out and talk about this. So

25   nondisclosure is a term of the agreement.

| | |
|---|---|
| 1 | DEFENDANT TRAN:  Okay. |
| 2 | THE COURT:  I should add this is a settlement of an |
| 3 | FLSA case, so I have to make a finding as a matter of public |
| 4 | record that the settlement is a fair and reasonable settlement |
| 5 | of this case, and I assume that after you and Ms. Do have |
| 6 | acknowledged the settlement and agreed to it, the parties will |
| 7 | make a presentation to me as to why this settlement is a fair |
| 8 | and reasonable settlement of the claims in this case; right? |
| 9 | MS. MILLER:  Yes, your Honor. |
| 10 | DEFENDANT TRAN:  Yes.  Okay. |
| 11 | MR. WONG:  So, Mr. Tran, you understand that the |
| 12 | settlement agreement itself is a public record.  That means the |
| 13 | public can see a copy at any time.  Do you understand that? |
| 14 | DEFENDANT TRAN:  I understand it now. |
| 15 | MR. WONG:  Do you also understand that you and Ms. Do |
| 16 | are going to enter into a separate contract, a nondisclosure |
| 17 | agreement, with the plaintiffs, whereby the parties may not |
| 18 | talk about this agreement, the terms upon which the plaintiffs |
| 19 | will agree to reasonable terms? |
| 20 | MS. MILLER:  Yes.  But just to clarify, it's not a |
| 21 | separate agreement, it's just part of the settlement.  We'll |
| 22 | agree that the parties will not discuss it. |
| 23 | THE COURT:  Yes. |
| 24 | MR. WONG:  Okay. |
| 25 | DEFENDANT TRAN:  Got it, yes. |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

GALHLOPC

```
 1              MR. WONG:  Mr. Tran, I do note that you used a
 2    translator, a Vietnamese translator, during the course of the
 3    proceedings.  Are you comfortable with the English language
 4    today?
 5              DEFENDANT TRAN:  Yeah, it's okay, yes.
 6              MR. WONG:  And you agree that you fully understand
 7    what went on today, including up to this point specifically,
 8    the terms of the settlement agreement?
 9              DEFENDANT TRAN:  Yes.
10              MR. WONG:  Without the translator?
11              DEFENDANT TRAN:  Yeah, it should be fine.
12              MR. WONG:  Okay.  Do you have any other questions?
13              DEFENDANT TRAN:  No, I don't.
14              MR. WONG:  Setting aside our differences that brought
15    us to the motion to withdraw as your counsel, are you satisfied
16    with our representation of you --
17              DEFENDANT TRAN:  Yes.
18              MR. WONG:  -- with respect to this matter?
19              DEFENDANT TRAN:  Yes.
20              MR. WONG:  Do you feel that our representation was
21    capable and satisfactory up to this point?
22              DEFENDANT TRAN:  I mean, I just want to get settlement
23    and, you know, just get it done and over with, yeah.
24              MR. WONG:  Are you satisfied with our legal services
25    provided to you?
```

```
 1        DEFENDANT TRAN:  I mean, does that have anything to do
 2   with the settlement?
 3        THE COURT:  Are you satisfied that you've received, in
 4   connection with the settlement, effective assistance of your
 5   counsel?
 6        DEFENDANT TRAN:  You talking about today or talking
 7   about before?
 8        THE COURT:  Today, for purposes of the settlement.
 9        DEFENDANT TRAN:  With the settlement?
10        THE COURT:  The reason for that question is the
11   parties have come and they've indicated a desire to settle the
12   case on these terms; and, presumably, what you're all trying to
13   do is to settle this case on these terms.  It would not make
14   any sense to have a motion a month from now that says, in
15   effect, that you're backing away from the settlement --
16        DEFENDANT TRAN:  I know.
17        THE COURT:  Hold on.
18        -- you're backing away from the settlement because
19   you're dissatisfied with the advice that you got from your
20   lawyers in connection with the settlement.  So the question is
21   meant to answer, not whether you've had disputes over your
22   lawyer's representation, not what you think about the lawyer's
23   motion to withdraw, but whether you are satisfied in connection
24   with the settlement that you've received effective assistance
25   of counsel.
```

```
 1              DEFENDANT TRAN:  Yes, I do.

 2              THE COURT:  Okay.

 3              MR. WONG:  Unless the Court has anything else, I'm

 4    okay.

 5              THE COURT:  Do you understand that by agreeing to the

 6    terms of the settlement, you are entering into an agreement --

 7              DEFENDANT TRAN:  Yes, I do.

 8              THE COURT:  -- to settle this litigation on these

 9    terms, and this actually is an enforceable agreement?

10              DEFENDANT TRAN:  Yes, I do.

11              THE COURT:  So putting aside everything in the

12    litigation, if you didn't live up to the terms of this

13    agreement, you could be sued for not abiding by the terms of

14    this agreement?

15              DEFENDANT TRAN:  Yes, I do.

16              THE COURT:  Okay.  All right.

17              MR. WONG:  No further questions.

18              THE COURT:  Thank you, sir.

19              (Defendant Do sworn)

20              THE DEPUTY CLERK:  You may be seated.  Please state

21    and spell your flame.

22              DEFENDANT TRAN:  Anh Do, A-n-h, last name D-o.

23              THE LAW CLERK:  Thank you.

24              THE COURT:  All right.  Mr. Wong.

25              MR. WONG:  Ms. Do, you were present in the courtroom
```

1   when your husband, Mr. Tran, testified earlier; is that
2   correct?
3              DEFENDANT DO:  Yes.
4              MR. WONG:  Do you understand everything that he said?
5              DEFENDANT DO:  Yes.
6              MR. WONG:  Do you understand that the terms of the
7   agreement as stated in court today -- do you agree with the
8   terms of the agreement that we've been describing in court
9   today?
10             DEFENDANT DO:  Yes.
11             MR. WONG:  Do you understand that this is an
12  enforceable agreement, and if you don't abide by the terms of
13  this agreement, you will be sued?
14             DEFENDANT DO:  Yes.
15             MR. WONG:
16
17
18
19
20
21
22
23
24                                                          ?
25             DEFENDANT DO:  Yes.

1        MR. WONG:  Do you understand that you are to execute a

2    confession of judgment for any amounts that remain unpaid if

3    you don't pay?

4        DEFENDANT DO:  Yes.

5        MR. WONG:  And you would have 30 days to cure any

6    breach of this agreement, meaning that you would have 30 days

7    to fix the problem?

8        DEFENDANT DO:  Yes.

9        MR. WONG:  You understand the discussion that went on

10   on non-disparagement and nondisclosure that the parties have

11   agreed to?

12       DEFENDANT DO:  Yes, I do.  Just one thing I want to

13   ask for the judge is that I understand the judge was asking for

14   a compelling reason why the amount should be confidential, and

15   we feel this kind of case that when people start hearing about

16   the amount of payment, it's giving to them a lot of idea why

17   they should go forward or why we should -- there's many

18   complications that may follow.  They say:  I can get some, or,

19   Hey, you know -- give them the idea of getting money and bring

20   another lawsuit going forward to us, which the whole point

21   we're trying to avoid.  And I think if the plaintiff satisfied

22   with it, and that should be enough.  We don't give other people

23   an idea or invite them to come forward to --

24       THE COURT:  All right.

25       DEFENDANT DO:  And that's the whole process there.

1       THE COURT:  Plaintiff want to be heard on that?

2       MS. MILLER:  Your Honor, in this action a notice under

3  216(b) was already distributed to workers.  The case has

4  already received a significant amount of publicity in major

5  newspapers in this area.  I'm not sure that the concern -- no

6  additional individual has come forward in the years that it's

7  been litigated despite wide publicity and despite this.  So I

8  don't know if there really is a concern out there of further

9  individuals.  But having said that, I have no objection if it's

10  something that your Honor feels is appropriate.

11       THE COURT:  I've accepted the argument of a compelling

12  reason based on not encouraging other litigations that may not

13  have merit.  The existence of the litigation, the existence of

14  the settlement can all be matters of public record without the

15  specific amounts in the settlement agreement being matters of

16  public record.  So you can redact the settlement amounts in the

17  settlement agreement that's filed, and the unredacted

18  settlement agreement can be filed under seal.

19       Always possible that, in the future, someone can make

20  a motion to unseal; and at that point, if there's any

21  opposition, I will consider it.  But there's a sufficient basis

22  for saying that there's a compelling reason to redact solely

23  the amounts of the settlement agreement.  The settlement

24  agreement itself will be filed.

25       DEFENDANT DO:  Thank you, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1      MS. MILLER:  Your Honor, I'm sorry.  If I may just
2  clarify, is it okay to submit the transcript and redact the
3  transcript with the amounts mentioned.  You mentioned the
4  settlement agreement itself.  We were hoping that the
5  transcript itself would serve as the --

6      THE COURT:  I would have thought that you're going to
7  need a settlement agreement to spell out such things as the
8  mutual releases, the non-disparagement clause, the no admission
9  of fault.  You don't think that you're going to submit a
10  settlement agreement?

11      MS. MILLER:  There was -- because of the previous
12  motion to withdraw, we were trying to avoid further needing of
13  defense counsel.

14      THE COURT:  If you all are satisfied with the
15  specificity of the transcript, I'm not going to require you to
16  go through more work and go back and forth with drafts of a
17  settlement agreement.  So, yes, with respect to the transcript,
18  which is your settlement agreement, you can redact the specific
19  amounts in the transcript.  As a matter of course, the reporter
20  would give you the transcript with the opportunity to redact.

21      MS. MILLER:  Thank you, your Honor.

22      MR. WONG:  Thank you, your Honor.

23      DEFENDANT TRAN:  Can we deduct the amount of each
24  payment; otherwise, they can add that up as well?

25      THE COURT:  Yes, of course.  The specific total amount

```
1   and the specific payments.

2               DEFENDANT TRAN:  Yeah, thank you.  Okay.

3               MR. WONG:  Ms. Do --

4               THE COURT:  We were up to the point where Ms. Do said

5   that she understood the terms; she's heard the terms; she

6   affirmed the terms.

7               You agreed to all those terms; right?

8               DEFENDANT DO:  Yes.

9               THE COURT:  I think, Mr. Wong, you just wanted to

10  cover the additional terms.

11              MR. WONG:  Yeah.

12              THE COURT:  Non-disparagement, mutual release, etc.

13              MR. WONG:  Right.

14              Ms. Do, you understand that all parties release each

15  other from liability, and neither of the parties admit any

16  fault?

17              DEFENDANT DO:  Yes, I do.

18              MR. WONG:  Is this your own decision?  Did anyone

19  pressure you to make these decisions?

20              DEFENDANT DO:  No.

21              MR. WONG:  Do you take any drugs or alcohol that may

22  impact you on making this decision today?

23              DEFENDANT DO:  No.

24              MR. WONG:  Okay.

25              THE COURT:  To the extent that in going over the
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   provisions Mr. Wong may have failed to mention one, you heard

2   all of the provisions that were given to Mr. Son, which should

3   be the same provisions that apply to you; you understand that?

4           DEFENDANT DO:  Yes, I do understand.

5           THE COURT:  You understand that by agreeing to the

6   settlement, you are agreeing to a contract, and you could be

7   sued for breach of contract if any of these provisions are not

8   complied with?

9           DEFENDANT DO:  Yes, I understand.

10          THE COURT:  Okay.

11          MR. WONG:  Okay.  Ms. Do, are you satisfied with our

12  legal services to you?

13          DEFENDANT DO:  Yes.

14          MR. WONG:  Do you have any further questions?

15          DEFENDANT DO:  No, I don't.

16          THE COURT:  Did you knowingly and voluntarily enter

17  into this settlement agreement?

18          DEFENDANT DO:  Yes.

19          THE COURT:  Okay.

20          MR. WONG:  That's all I have, your Honor.

21          MS. MILLER:  If you wouldn't mind doing one further

22  question about language, just to ensure that the English has

23  been acceptable today.

24          THE COURT:  Yes.

25          MR. WONG:  Ms. Do, you used a translator, a Vietnamese

GALHLOPC

1 | translator, during the deposition. Are you familiar with the

2 | English language and you understand everything that went on

3 | today?

4 | DEFENDANT DO: Yes, I do.

5 | MR. WONG: That will be all, your Honor.

6 | DEFENDANT DO: Thank you.

7 | THE COURT: Thank you, Ms. Do. You may be seated.

8 | All right. So the parties have arrived at a

9 | settlement. Part of the settlement is the dismissal of this

10 | action with prejudice on the terms of the settlement. It's a

11 | settlement of an FLSA action, so I have to approve it as fair

12 | and reasonable. The parties should make a -- explain to me why

13 | the settlement is fair and reasonable.

14 | MS. MILLER:

15 |

16 |

17 |

18 |

19 |

20 |

21 | ' perspective that

22 | the defendants have expressed the ability to satisfy any

23 | judgment.

24 |

25 | , that is in the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    plaintiffs' best interests, given the risk of the fact that,

2    even if we're successful at trial, it would likely result in

3    bankruptcy or simply a failure to recover any award that was

4    eventually made.

5              THE COURT:

6

7              MS. MILLER:

8

9              THE COURT:  Okay.

10             MS. MILLER:  Did I not add that up right?  I didn't

11   add that up correctly.

12                                         the remainder amount

13   would be to settle the attorney's fees.  Our fees in this case

14   are substantial, and it has been years of litigation.  The

15   plaintiffs have all agreed that anything above the amount that

16   they would be willing to accept              anything above

17   that could go to settle the legal fees.

18             THE COURT:  What have your costs been to date?  You

19   say 450,000 in attorney's fees.  There must have been

20   substantial costs.

21             MS. MILLER:  Our out-of-pocket costs are, I believe,

22   approximately            and that was due to the 216(b) mailing

23   of the notice, as well as predominantly depositions,

24   translators.  We had already taken trial testimony remotely,

25   which was several thousand dollars to prepare for that, as well

1 | as trial copying costs, etc.

2 | THE COURT: All the plaintiffs have agreed to that
3 | division, how much they're going to get and how much you're
4 | going to get in fees?

5 | MS. MILLER: They have, your Honor.

6 | THE COURT: All right. I'll approve the settlement as
7 | fair and reasonable, including the amount of attorney's fees.
8 | It's plain that there would be substantial risks in terms of
9 | recovery. The ability to actually have a judgment that's
10 | enforceable, that's collectible against the defendants is a
11 | real risk in this litigation. The individual businesses that
12 | are involved, the representation is that they're no longer
13 | operating.

14 | On top of that, there are always the risks of trial.
15 | I'm familiar with the record. I know the difficulties of
16 | establishing the individual damages for the individual
17 | plaintiffs. I know the risks of proceeding to trial, which are
18 | substantial, and the risks of keeping any possible judgment
19 | through appeal, all of which would only be at the cost of
20 | considerably more attorney's fees. So it's plain that the
21 | settlement was arrived at in good faith, at arm's length.
22 | There no collusion. It's procedurally fair. It's
23 | substantively fair.

24 | The amount being paid in attorney's fees is reasonable
25 | in this case. It's agreed to by the plaintiffs. It's

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    reasonable because the plaintiffs have a lodestar, the

2    representation is, [＿＿＿＿＿]and are taking a discount of

3    over 50 percent on their fees in order to be able to obtain a

4    settlement for the plaintiffs at this point. So the settlement

5    is fair and reasonable, including the amount in attorney's

6    fees.

7           The only thing that is left to me is I'll sign an

8    order which says that the case is dismissed with prejudice in

9    accordance with the settlement agreement arrived at on the

10    record and the settlement is fair and reasonable.

11           Anything else?

12           MS. MILLER: Not from the plaintiffs, your Honor.

13           MR. WONG: No, your Honor. Thank you.

14           THE COURT: Okay. Good afternoon, all.

15           MS. MILLER: Thank you. Same to you.

16           (Adjourned)

17

18

19

20

21

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300